**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

HALVER BAILEY, LEVI R. LIBRA and ALLEN LECUYER, on behalf of themselves and other past and present employees similarly situated,

Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY,

Defendant.

Civil No. 01-545 (JRT/FLN)

**ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE**

---

Don Nichols, NICHOLS KASTER & ANDERSON, 4644 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota, 55402, for plaintiffs.

Robert Reinhart, DORSEY & WHITNEY, 50 South Sixth Street, Minneapolis, Minnesota, 55402; Arthur Chinski, Ruth Seroussi, Elizabeth Murphy, BUCHALTER NEMER FIELDS & YOUNGER, 601 Figueroa Street South, Suite, 2400, Los Angeles, California, 90017, for defendant.

Plaintiffs, a group of account executives, bring this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, against defendant Ameriquest Mortgage Company to recover unpaid overtime compensation. This matter is before the Court on defendant's appeal from an order of United States Magistrate Judge Franklin L. Noel dated September 19, 2001 compelling discovery of the names and addresses of other account executives during the relevant time period.

FILED JAN 2 3 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

The standard of review of a Magistrate Judge's order on nondispositive pretrial matter is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(a); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2). Upon review of the parties' submissions and the files, records and proceedings, the Court affirms the order of the Magistrate Judge.[1]

## BACKGROUND

Plaintiffs are current and former account executives employed by defendant at its 190 branch offices nationwide. Account executives are responsible for soliciting loans from its customers. Their general job duties include making telephone "cold calls" and taking applications from interested customers. Despite routinely working more than 40 hours per week to meet defendant's mandatory performance goals, plaintiffs allege that they were not paid for these overtime hours. In an effort to recover these unpaid wages, plaintiffs filed this lawsuit against defendant under the FLSA.

Defendant responded to plaintiffs' complaint with a motion to compel arbitration. At the Rule 16 pretrial conference, the Magistrate Judge granted plaintiffs' request to proceed with limited discovery "directed to identifying potential participants in a collective action" while defendant's motion was pending. Pursuant to this ruling, plaintiff served the following interrogatory on defendant, to which the defendant responded:

---

[1] On October 12, 2001, defendant submitted a reply brief in support of its appeal from the Magistrate Judge. Shortly thereafter, plaintiffs moved to strike this pleading on the basis that Local Rule 72.1(b)(2) does not permit a reply brief. The Court agrees with plaintiffs' reading of 72.1(b)(2) and accordingly grants plaintiffs' motion to strike defendant's reply brief.

> 1. Identify by name, last known address, telephone number, branch location and dates of employment, all persons employed by you as account executives from July 1, 1998 to present.
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that plaintiffs freely, knowingly, and voluntarily contracted to arbitrate claims of the kind they assert in this action and to conduct all discovery relative to such claim in the arbitration forum, not this court. Defendant further objects to this interrogatory on the grounds that it seeks information neither relevant nor likely to lead to the discovery of information relevant to the claims asserted by Plaintiffs in this action, since those claims turn exclusively on the duties assigned to and work performed by Plaintiffs themselves. Defendant further objects to this interrogatory on the grounds that it is unreasonably overbroad, seeking facts and details entirely remote in time, distance and subject matter form any claim asserted in this action.

Upon receipt of defendant's response, plaintiffs brought a motion to compel an answer to this interrogatory. By order dated September 19, 2001, the Magistrate Judge granted plaintiffs' motion to compel answers to Interrogatory No. 1.

**ANALYSIS**

The FLSA permits employees to pool their resources and proceed collectively with other similarly situated individuals. 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in [section 207] may be maintained against any employer in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). In an effort to utilize this important procedural mechanism for bringing claims for overtime wages under the FLSA, plaintiffs requested disclosure of all account executives that were employed by defendant during the relevant time period so that these potential class members may be notified of the pending case.

Defendant objects to the Magistrate Judge's order on three grounds, none of which the Court finds satisfies the clearly erroneous or contrary to law standard for overturning the Magistrate Judge. Defendant first objects on the basis that discovery is inappropriate while a motion to compel arbitration is pending. This argument is now moot in light of the Court's order denying defendant's motion to compel arbitration.[2]

Defendant next objects to this discovery on the basis that the Court must first find the potential class members are similarly situated before ordering disclosure of the names and addresses of the account executives. This argument is misplaced. In *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), the Supreme Court did not require a "similarly situated" analysis prior to production of the list. Rather, it first ruled that production of the list of co-workers was proper in FLSA cases, and then turned to the issue of whether the co-workers were sufficiently "similarly situated" to justify judicial notice of the action. *Id.* at 170 ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."). The Court reasoned that notice to potential class members was the remedial purpose of the FLSA: to effectuate judicial economy by avoiding multiple lawsuits by individual members of the class.

Defendant's final objection is that court-ordered disclosure of contact information for potential class members constitutes an unwarranted and unreasonable invasion of the privacy of those persons. Again, defendant's argument is misplaced. Attorney

---

[2] The Court would not overturn the Magistrate Judge on this basis even if defendant's motion were still pending. *Minnesota Odd Fellows Home Found. v. Engler & Budd Co.*, 630 F. Supp. 797, 800-01 (D. Minn. 1986) (permitting discovery while motion to compel arbitration was pending).

solicitation of potential clients through direct mail is protected speech under the First Amendment. *Shapero v. Kentucky Bar Ass'n*, 486 U.S. 466 (1988).

For the foregoing reasons, the Court concludes that the Magistrate Judge's order compelling discovery of the names and addresses of other account executives is not clearly erroneous or contrary to law. Eleven plaintiffs allege that they worked hours of unpaid overtime. Plaintiffs are entitled to discover if there are additional plaintiffs who are similarly situated. Accordingly, the order of the Magistrate Judge is affirmed.

## ORDER

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's letter request to strike defendant's reply in support of appeal from Magistrate Judge's Order [Docket No. 32] is **GRANTED**. Defendant's reply in support of appeal from Magistrate Judge's Order [Docket No. 31] is **STRICKEN**.

2. The Order of the Magistrate Judge [Docket No. 27] is **AFFIRMED.**

DATED: January 23, 2002
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge