**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

HALVER BAILEY, LEVI R. LIBRA AND ALLEN LECUYER, on behalf of themselves and other past and present employees similarly situated,

Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY,

Defendant.

Civil No. 01-545 (JRT/FLN)

**ORDER**

---

Donald H. Nichols and Paul J. Lukas, NICHOLS KASTER & ANDERSON, 4644 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, for plaintiffs.

Robert R. Reinhart and Ruon Sawyer, DORSEY & WHITNEY, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402; and Arthur Chinski, Elizabeth Murphy and Ruth L. Seroussi, BUCHALTER, NEMER, FIELDS, & YOUNGER, 601 South Figueroa Street, Suite 2400, Los Angeles, CA, 90017-5704, for defendant.

Plaintiffs, a group of account executives, bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, against defendant Ameriquest Mortgage Company to recover unpaid overtime compensation. On January 23, 2002, this Court denied defendant's motion to dismiss or alternatively to stay proceedings and

FILED AUG 0 6 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

compel arbitration based on the terms of an arbitration agreement each plaintiff signed as a condition of his or her employment. On the same day, the Court affirmed the Magistrate Judge's order compelling discovery of the names, addresses, telephone numbers, branch locations and dates of employment for all persons employed by defendant as account executives during the relevant time period. On February 4, 2002, defendant appealed the Court's denial of its motion to compel arbitration pursuant to §16(a) of the Federal Arbitration Act. Defendant now moves the Court to stay all further proceedings in the District Court, including the discovery order outlined above.

The Court has reviewed the arguments of the parties and reaches the following conclusion. With respect to the discovery order compelling the production of the account executive list, the Court concludes that defendant must comply with that order despite the pending appeal. The discovery was ordered to be produced prior to the filing of any appeal in the case. Furthermore, the list is, in all reasonable likelihood, discoverable regardless of the forum in which this case is ultimately resolved. Accordingly, defendant will suffer little, if any, prejudice by producing the list now. By contrast, the issuance of a stay and further delay in production of the list in question could substantially injure other parties interested in the case whose statute of limitations continues to run until a consent form is filed with the court. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) (citing *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 394 (8th Cir. 1987)).

The Court is also not persuaded that a stay of the discovery order is warranted under the FAA. The Court recognizes that a circuit split currently exists as to whether, and to what extent, a notice of appeal under § 16(a) of the FAA divests the district court of jurisdiction over proceedings in the case. *Compare Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990) *with Bradford-Scott Data Corp. Inc. v. Physician Computer*

*Network, Inc.*, 128 F.3d 504 (7th Cir. 1997). However, the Court need not now resolve that issue as it pertains to the discovery order in question because a stay of that order is not warranted under either analysis. In the Court's view, production of this limited discovery which has no bearing on the actual merits of the case will not realize the concern expressed in *Bradford-Scott* of creating "a risk of inconsistent handling of the case by two tribunals." *Id.* at 505. Accordingly, defendant's motion to stay the discovery order is denied.

With respect to defendant's request to stay the rest of the proceedings, the Court will deny the motion as premature. It is not clear at this point what, if any, additional proceedings plaintiff may seek to pursue during the pendency of the appeal. Indeed, it appears from a review of the docket that no additional substantive action has been taken since the appeal was filed. However, should additional issues arise that, in the defendant's view, require the Court to consider staying further proceedings, defendant may renew its motion at that time.

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion to stay proceedings pending appeal [Docket No. 42] is **DENIED** as to the order compelling production of the list [Docket No. 40]. Should plaintiffs seek to pursue additional proceedings beyond the current order compelling production of the account executive list, defendant may renew its motion to stay the proceedings pending the appeal.

DATED: Aug 5, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge