UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| HALVER BAILEY, LEVI R. LIBRA and ALLEN LECUYER, on behalf of themselves and other past and present employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERIQUEST MORTGAGE COMPANY AND TOWN & COUNTRY CREDIT CORP.,<br><br>Defendants, | CASE NO. 01-545 (JRT/FLN)<br><br>**COLLECTIVE ACTION**<br><br>**JUDGMENT OF DISMISSAL WITH PREJUDICE**<br><br>**The Honorable John R. Tunheim** |

On December 19, 2003, pursuant to the previous Order of preliminary approval, this matter came before the Court for hearing on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation"). Due and adequate notice of the settlement having been given to the Class as required by the Order of preliminary approval, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation. This document shall



FILED 12·19 03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 12·19 03
DEPUTY CLERK

constitute the Judgment for purposes of Federal Rule of Civil Procedure 58.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class. This Judgment and Litigation shall have no effect on Persons who are not Members of the Settlement Class or Members of the Non-Settlement Class, and under this Judgment, Persons who are not Members of the Settlement Class or Members of the Non-Settlement Class shall be in the same position they would have been had the Litigation never been filed.

3. Pursuant the procedures for a collective action under the Fair Labor Standards Act and related statutes, this Court certifies the Settlement Class, a class of Persons who worked as Account Executives for one or both of the Settling Defendants during the pertinent period.

4. With respect to the Settlement Class for purposes of this Judgment only, this Court finds and concludes that the Members of the Settlement Class are similarly situated and that a collective action and corresponding judgment is appropriate. The Members of the Settlement Class shall include individuals who are Members of the Settlement Class as set forth under the terms and procedures, including all individuals listed in Exhibit A to this document.

5. Pursuant to the procedures for a collective action under the Fair Labor Standards Act and as otherwise required, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

6. All of the Released Claims, including without limitation state and federal claims as well as all claims asserted in the Litigation, are dismissed with prejudice as to the Representative Plaintiffs and all other members of the Settlement Class, as against the Defendant Releasees. The Parties are to bear their own costs, except as otherwise provided in the

Stipulation.

7. The Stipulation is approved, and the Settling Parties are hereby directed to perform pursuant to its terms.

8. All Settlement Class Members are hereby forever barred and enjoined form prosecuting any of the Released Claims against the Defendant Releasees.

9. All claims against the Defendant Releasees sounding in contribution, indemnification or for reimbursement of any liability arising out of or concerning the Litigation or the claims asserted or that could have been asserted in the Litigation, by any person (other than the Defendant Releasees or its assign or subrogee) against the Defendant Releasees, are hereby forever barred, enjoined or discharged. Nothing herein or in the Stipulation shall be deemed to have effected a release by any Defendant Releasee or its assign or subrogee of any claim or right it may have against any other released person or entity.

10. The notice of the Settlement given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements, the procedures for a collective action under the Fair Labor Standards Act and the requirements of due process.

11. No order, modification, or appeal regarding the attorneys' fees award shall in any way disturb or affect this Judgment.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement

(a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any Defendant Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendant Releasees may file the Stipulation and/or the Judgment from this action in any other action that may be brought against it to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the settlement payments; and (b) construction, enforcement and administration of the Stipulation.

14. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

December 19, 2003

John R. Tunheim

Honorable John R. Tunheim
United States District Judge

# UNITED STATES DISTRICT COURT
## District of Minnesota

700 Federal Building
316 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55802

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.